FILED
MAY 22 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL MOREIRA-ALFARO,

    Petitioner,

vs.

ROBERT L. AYERS, JR.,

    Respondent.

No. C 06-4416 PJH (PR)

**ORDER DENYING HABEAS PETITION**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to a denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition will be denied.

**BACKGROUND**

In 1993 a San Mateo County jury convicted petitioner of attempted first degree murder and assault with a deadly weapon. Ex. 1.[1] He received a sentence of life plus one year, with a possibility of parole. *Id.*

On May 17, 2005, after a hearing before the Board of Prison Terms ("Board"), during which petitioner was represented and was given an opportunity to be heard, the Board found petitioner unsuitable for parole. Ex. 2 at 52-57. The Board based its decision

---

[1] Unless otherwise indicated, citations to "Ex." are to exhibits in the record supplied by the respondent.

upon the triviality of the motive for the attempted murder, the callousness of the crime, petitioner's failure to learn a trade and failure to participate in "self-help" programs, an unfavorable psychological report, and his inadequate parole plans. *Id.*

## DISCUSSION

### I.  Standard of Review

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

///

1  "Factual determinations by state courts are presumed correct absent clear and
2  convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not
3  altered by the fact that the finding was made by a state court of appeals, rather than by a
4  state trial court.  *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d
5  1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present
6  clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness;
7  conclusory assertions will not do.  *Id.*

8  Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual
9  determination will not be overturned on factual grounds unless objectively unreasonable in
10 light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340;
11 *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

12 When there is no reasoned opinion from the highest state court to consider the
13 petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*,
14 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th
15 Cir.2000).

16 **II.    Issues Presented**

17 Petitioner contends that the denial of parole was not supported by "some evidence,"
18 a violation of due process.  Respondent not only denies this but also contends that
19 California prisoners have no liberty interest in parole and that if they do, the only due
20 process protections available are a right to be heard and a right to be informed of the basis
21 for the denial – that is, respondent contends there is no due process right to have the result
22 supported by sufficient evidence.  Because these contentions go to whether petitioner has
23 any due process rights at all in connection with parole, and if he does, whether he has the
24 right upon which his claim is based, they will addressed first.

25    **A.    Respondent's Contentions**
26       **1.    Liberty Interest**

27 Respondent contends that California law does not create a liberty interest in parole.
28 However, the Ninth Circuit has held that it does.  *See Sass v. California Bd. of Prison*

*Terms*, 461 F.3d 1123, 1127-28 (9th Cir. 2006). Respondent says that she raises this issue to preserve it because at the time the answer was filed a petition for rehearing en banc was pending in *Sass*; that petition has now been denied. See *Sass*, No. 05-16455 (Order Feb. 13, 2007). Respondent's argument that petitioner does not have a liberty interest in parole is, therefore, without merit.

### 2. Due-Process Protections

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, he contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). See *Sass*, 461 F.3d at 1128-1129.

### B. Petitioner's Claim

Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and

assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

Petitioner lived with Maria Matute for thirteen years and had three children with her. Ex. 2 at 11. They broke up in April of 1992; on December 3, 1992, petitioner attacked her with a knife at her adult education school, inflicting three serious wounds on her neck. *Id.* at 10-14. She also suffered injuries to her hands sufficient to require plastic surgery, incurred when she tried to ward off the blows. *Id.* at 12-13. Petitioner conceded the correctness of these facts. *Id.* at 14.

That the offense occurred some months after the couple separated, and thus was not a spur-of-the moment matter; that petitioner apparently was violently out of control; and that he used a knife, a very personal way of attempting to commit murder, are facts supporting the conclusion that the crime was heinous and cruel. Although these facts certainly are not the most egregious the court has seen, petitioner had served only twelve years of his life sentence at the time of the parole decision at issue here and he was about fifty years old. *See id.* at 19. The crime thus was not so long ago as to render it insufficient to support the conclusion that petitioner would be a danger to society if released.

The Board also based its decision on evidence additional to the nature of the crime.

For instance, the Board cited petitioner's failure to "complete[] a vocation" as one reason for the decision. *Id.* at 53; *see also id.* at 57. Petitioner had job offers, *id.* at 23, and has auto-body skills, *id.* at 24, but as of the time of the hearing had not completed any vocational courses, although he had participated in some, *id.* at 28-29. In view of petitioner's job offers and job skills, the court concludes that his failure to complete prison vocational programs does not support denial of parole.

The Board also concluded that petitioner had not "sufficiently, at this time, participated in beneficial self-help." *Id.* at 54. Given that he had been involved in Alcoholics Anonymous, anger management, and Creative Conflict Resolution, *id.* at 29, at

first glance this conclusion also would seem to be unsupported, but in the decision the Board explains that he needed to participate in domestic violence programs in order to gain a better understanding of the crime, *id.* at 56, 57-58. This is particularly appropriate given the psychologist's conclusion that petitioner tends to "avoid responsibility for his behavior," lacks "insight into his own behavior," and that there would be "concerns" if he were involved in a romantic relationship. *Id.* at 54-55. This finding therefore does support the denial.

It is notable that petitioner contended at this hearing that he had taken the knife with him to meet Matute because she had told him she wanted to introduce him to her new lover, and that he felt he needed the knife for protection. *Id.* at 15-17. This was the first time he had advanced this explanation, and his excuse for failing to present it earlier was that "they never have asked me this question." *Id.* at 16. The court finds this claim unbelievable and agrees with one of the commissioners who opined that petitioner looked like "a guy who's looking for a story." *Id.* at 58. In short, there was reason to believe that petitioner has not come to terms with his crime and was continuing to excuse himself, which undermines any confidence in his assertions of contrition.

The evidence discussed above was "some evidence" to support the denial, and there was thus no due process violation.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 22, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.06\MOREIRA-ALFARO416.RUL.wpd

6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL MOEIRA-ALFARO,

        Plaintiff,

v.

CALIFORNIA BOARD OF PRISON HEARINGS et al,

        Defendant.

Case Number: CV06-04416 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Miguel Moreira-Alfaro H-98474
San Quentin State Prison
3-N-11L
San Quentin, CA 94974

Dated: May 23, 2008

*MNarcisse*

Richard W. Wieking, Clerk
By: Monica Narcisse, Deputy Clerk